JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10261 MMM (FFMx) | Date | December 30, 2011 |
|---|---|---|---|

| Title | *Central Mortgage Company v. Hamidreza Davoudi et al.* |
|---|---|

| Present: The Honorable | MARGARET M. MORROW | | |
|---|---|---|---|
| ANEL HUERTA | | N/A | |
| Deputy Clerk | | Court Reporter | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **Order Remanding Action to Los Angeles Superior Court**

On December 12, 2011, defendant Hamidreza Davoudi removed this action from Los Angeles Superior Court. Prior to the removal, however, on December 9, 2011, the superior court granted judgment in favor of plaintiffs.[1] "It is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997); see also 14B Charles Alan Wright, Arthur R. Miller, Edward H. Coope & Joan E. Steinman, FEDERAL PRACTICE AND PROCEDURE: § 3721 (2009) ("[D]efendants may not remove a case from a state court to a federal court after the state court has entered a final judgment that terminates the litigation."); *Four Keys Leasing & Maintenance Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988) ("[I]t would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation"); *Harpagon Co., LLC v. FXM, P.C.*, 653 F.Supp.2d 1336, 1341 (N.D. Ga. 2009); *Murray v. Deer Park Union Free School Dist.*, 154 F.Supp.2d 424, 426 (E.D.N.Y. 2001) ("[T]he plaintiffs are attempting to remove a case from a decision and order of the Supreme Court, Suffolk County, granting the defendants' motion for summary judgment in its entirety. That decision is a final judgment, and as such, may not be removed to this Court so that the plaintiff can relitigate issues already decided by the state court").

Accordingly, the court directs the clerk to remand the action to Los Angeles Superior Court forthwith.

---

[1] A copy of the state court judgment is attached hereto as Exhibit "A."

# EXHIBIT A